# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2372EM

_____

Robert C. McGee,

        Appellee,

v.

Reliance Standard Life
Insurance Company,

        Appellant.

\*
\*
\*
\*
\* On Appeal from the United
\* States District Court
\* for the Eastern District
\* of Missouri.
\*
\*
\*
\*

_____

Submitted: January 14, 2004

Filed: February 25, 2004

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MORRIS S. ARNOLD, Circuit
    Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Reliance Standard Life Insurance Company terminated the payment of long-
term disability benefits to Robert C. McGee after it determined that he was no longer
disabled. Mr. McGee sought judicial review of this determination by filing a claim
under ERISA, 29 U.S.C. § 1132(a)(1)(B). Both parties moved for summary
judgment, and the District Court granted the motion in favor of Mr. McGee. Reliance
Standard appealed. After a review of the record, we reverse the judgment of the

District Court and direct entry of judgment in favor of Reliance Standard. Like the District Court, we review Reliance Standard's determination for abuse of discretion, and we hold that there was none.

Mr. McGee was an employee of Hasco International, Inc., and was eligible for disability benefits provided by Hasco International's insurer, Reliance Standard. In December 1999, Mr. McGee filed a claim with Reliance Standard seeking short-term disability benefits, and stated that he was unable to work because of major affective disorder, anxiety, and various physical pains. After receiving Mr. McGee's claim, Reliance Standard awarded short-term benefits to him from December 1999 through March 2000.

When Mr. McGee's short-term benefits ended in March 2000, he sought long-term benefits from Reliance Standard based on the same disabilities for which he had obtained short-term benefits. Although Reliance Standard initially approved the payment of long-term benefits for Mr. McGee, it terminated them several months later after it determined that he was no longer disabled, and that he should have returned to work by June 1, 2000. This determination was based on medical records provided by physicians and a psychologist who either treated or evaluated Mr. McGee.

Included in the medical records reviewed by Reliance Standard were those of Josephine Kelly, a psychologist, who first met with Mr. McGee in February 2000. After this meeting, Ms. Kelly reported to Reliance Standard that Mr. McGee had a Global Assessment of Functioning Scale (GAF) score of 70, which is within a range of reasonable psychological functioning. Ms. Kelly met with Mr. McGee again in April 2000 and reported that he was unable to work; however, she did not provide any evidence of testing or diagnosis to support this conclusion. In August 2000, Ms. Kelly met with Mr. McGee again. Following this meeting, she reported that Mr. McGee's psychological functioning had improved, and that his GAF score had increased to the 70-80 range. Ms. Kelly also noted that Mr. McGee suffered from no

psychosocial stressors. Then, in October 2000, Ms. Kelly reported that the GAF scores she had previously provided were too high, and that a score of 50 was a more accurate account of Mr. McGee's psychological functioning. In this letter, Ms. Kelly did not provide any evidence of testing or other objective proof to justify the abrupt change in her GAF reporting.

Reliance Standard also reviewed the medical records of John Canale, M.D., a psychiatrist and Mr. McGee's treating physician. In early May 2000, Dr. Canale reported that Mr. McGee's GAF score was within the 41-50 range and that he anticipated that Mr. McGee would return to work by June 1, 2000. Later, in August 2000, Dr. Canale reported that Mr. McGee suffered from severe psychosocial stressors, but he stated that Mr. McGee remained "very motivated." Despite having previously indicated a June 1, 2000, return-to-work date, Dr. Canale also concluded that Mr. McGee would be unable to work for an unknown duration of time. In October 2000, Dr. Canale reported that Mr. McGee would be disabled for the next three years. Reliance Standard later learned that this three-year disability determination was written at the request of Mr. McGee for his mortgage company.

Reliance Standard also reviewed the findings of Gladys S. Fenichel, M.D., a psychiatrist Reliance Standard hired to analyze Mr. McGee's medical records. In a letter to Reliance Standard, Dr. Fenichel wrote:

> The records do not substantiate that Mr. McGee has a significant psychiatric impairment that would interfere with his ability to function in a work setting. There is no documentation in the records from Dr. Canale or in the records from Ms. Kelly that suggest that Mr. McGee is not capable of functioning in a work setting.

Joint App. 177. On the basis of her review of the medical records, Dr. Fenichel concluded that Mr. McGee was not disabled.

-3-

After reviewing the records of Ms. Kelly and Drs. Canale and Fenichel, Reliance Standard determined that Mr. McGee was no longer disabled and terminated his long-term benefits. Mr. McGee sought judicial review of this determination by filing a claim under ERISA, 29 U.S.C. § 1132(a)(1)(B), with the District Court. Both parties moved for summary judgment. The District Court concluded that Reliance Standard's decision to terminate benefits was arbitrary and capricious, as it was not supported by substantial evidence or a reasonable explanation, and granted summary judgment in favor of Mr. McGee. Reliance Standard appealed this judgment.

The terms of the insurance policy grant Reliance Standard discretionary authority to determine a participant's eligibility for benefits. Therefore, we review the decision of the District Court de novo and apply a deferential abuse-of-discretion[1] standard to the decision of Reliance Standard to terminate benefits. Cash v. Wal-Mart Group Health Plan, 107 F.3d 637, 640-41 (8th Cir. 1997).

Under this deferential standard, this Court will uphold the decision of Reliance Standard if its decision was "reasonable; *i.e.*, supported by substantial evidence." Donaho v. FMC Corp., 74 F.3d 894, 899 (8th Cir. 1996). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938). If substantial evidence supports the decision, it should not be disturbed even if a different, reasonable interpretation could have been made. Cash, 107 F.3d at 641.

Reliance Standard argues on appeal that the judgment of the District Court should be reversed because Reliance Standard's decision to terminate benefits was based on substantial evidence, including the inconsistent medical records from Mr.

---

[1]"[R]eview for an 'abuse of discretion' or for being 'arbitrary and capricious' is a distinction without a difference . . .." Schatz v. Mutual of Omaha Ins. Co., 220 F.3d 944, 946 n.4 (8th Cir. 2000).

McGee's caregivers and the opinion of Dr. Fenichel. The District Court, according to Reliance Standard, erred in its review of the evidence by substituting its own judgment for that of Reliance Standard.

We hold that the company's decision was based on substantial evidence. The medical records of Ms. Kelly and Dr. Canale were inconsistent, and neither provided reliable objective evidence of testing or other proof to support the finding of a long-term disability. It is not unreasonable for a plan administrator to deny benefits based upon a lack of objective evidence. Coker v. Metro. Life Ins. Co., 281 F.3d 793, 799 (8th Cir. 2002).

In addition, Reliance Standard was not obligated to accord special deference to the opinion of Dr. Canale, the treating physician, over the conflicting opinion of Dr. Fenichel, the reviewing physician. Black & Decker Disability Plan v. Nord, 123 S. Ct. 1965, 1967 (2003) (holding that the "treating physician" rule does not apply to disability determinations under employee benefits plans covered by ERISA). It was not unreasonable for Reliance Standard to reject the reasoned opinion of Dr. Canale in favor of Dr. Fenichel's in its decision to terminate long-term benefits. Delta Family-Care Disability and Survivorship Plan v. Marshall, 258 F.3d 834, 843 (8th Cir. 2001).

Under the deferential standard of review accorded to a plan administrator's denial of benefits, we conclude that Reliance Standard's decision to terminate Mr. McGee's long-term benefits was reasonable because it was supported by substantial evidence. Therefore, we reverse the judgment of the District Court and direct entry of judgment in favor of Reliance Standard.

_____