354 F.Supp.2d 1047 (2005)
Linda BURKE, Plaintiff,
v.
UNIVAR USA, INC., Defendant.
No. 4:03 CV 258SNL.
United States District Court, E.D. Missouri, Eastern Division.
January 28, 2005.
*1048 Daniel J. Bruntrager, Bruntrager and Billings, Eli Karsh, Law Office of Eli Karsh, St. Louis, MO, for Plaintiff.
Jennifer D. Baetje, Richard J. Pautler, Thompson Coburn, St. Louis, MO, for Defendant.

MEMORANDUM
LIMBAUGH, Senior District Judge.
Plaintiff has filed this ERISA action under 29 U.S.C. § 1132(a)(1)(B) challenging the defendant's denial of supplemental life insurance proceeds for her deceased spouse. This matter is before the Court on the defendant's motion for summary judgment (# 12), filed September 26, 2003. In lieu of a timely response to the subject motion, plaintiff sought leave for additional discovery and extension of time to respond. See, Plaintiffs motion to compel discovery responses (# 13), filed October 1, 2003 and motion for continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure (# 17), filed October 27, 2003. Plaintiff sought discovery of Plan documents she contended she never received prior to purchasing additional coverage for her late husband under the subject plan. She wanted to supplement the administrative record in order for the Court to make a "de novo" review of the Plan Administrator's decision to deny benefits. After allowing the parties to brief the issue of additional discovery to supplement the administrative record, the Court granted the plaintiffs motion to compel by directing the defendant to tender any and all Overview documents given to plaintiff at the time she elected supplemental coverage for her late husband. Furthermore, the Court *1049 granted the parties additional time to supplement their pleadings in connection with the pending summary judgment motion. See, Court Order # 28, filed June 30, 2004. As of today's date, all responsive pleadings have been filed and the instant summary judgment motion is ripe for disposition.
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Butler v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). Thus, "[t]he plain language of Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Paulson v. The Paul Revere Life Ins. Co., 323 F.Supp.2d. 919, 930 (S.D.Iowa 2004) citing Celotex, 477 U.S. at 322, 106 S.Ct. 2548. The Court will now examine the factual record before it.
The facts in this case are largely undisputed. Plaintiff Linda Burke ("Burke") worked for over twenty years at Ellis & Everard, which was ultimately purchased by Defendant in 2001. (Compl.ś 6.) After the acquisition, Defendant offered a new health plan to former Ellis & Everard employees, called the Group Benefit Plan of Univar USA Inc. ("Plan") (Def. Statement of Uncontroverted Facts ś 3, Def. Ex. A.). Defendant provided a "Benefits Program Overview" and a packet of Benefits Program Questions and Answers ("Overview") to its employees to explain their new benefits. (Id. ś 9, Pl.Ex. 1-3.) One section on "Survivor Protection Options" described "Supplemental Life Insurance" and stated:
"You may buy coverage for your spouse equal to 50% of your life insurance amount. If you elect coverage now, your spouse will not be required to provide proof of good health for amounts *1050 under $100,000. If you decline coverage for your spouse now, then decide to elect spouse coverage during a future open enrollment (or elect $100,000 to $150,000 any time), your spouse will need to provide evidence of good health."
(Id. 10; Pl.Ex. 1 at 8.)
On April 30, 2001, Plaintiff purchased $90,000.00 of supplemental life insurance for her husband through Defendant's benefit plan. (Compl.ś 12.) At this time, Plaintiffs husband was suffering from brain cancer. (Compl.ś 8.) Plaintiffs husband passed away a few months later on September 17, 2001, after being hospitalized since April 17 of the same year. (Id. ś 13.) Plaintiff made a timely demand for the supplemental insurance benefits of $90,000.00, but the claims administrator denied benefits pursuant to the following language in the Plan:
"If a dependent, other than a newborn, is confined at home, in a hospital or elsewhere because of a physical or mental condition on the date insurance, an increase in coverage or a new benefit added to the policy would otherwise become effective, the effective date of the insurance ... will be deferred until the dependent is discharged from the hospital or no longer confined and has engaged in substantially all the normal activities of a healthy person of the same age for a period of at least 15 days in a row."
(Id. 14-16, Def. Ex. A at 6.)
Similarly, the Summary Plan Description provides:
... if an enrolled family member (except for a newborn age 14 days or more) is an inpatient at a hospital or other institution when coverage under the basic dependent life insurance plan or the supplemental spouse life insurance plan would normally begin, coverage for that person will not become effective until the day he or she receives a final medical release.
Affidavit of Melanie Bloch, Exhibit B., pg. 96.
The Plan document gives Hartford Life Insurance Company ("Hartford"), the insurer and claims administrator, the discretion to interpret the plan and determine who is entitled to benefits, "We have full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy."[1] (Def. Ex. A at 13.) The Overview contains a provision stating that it is not a legal document:
Although this brochure includes certain key features and brief summaries of the Vopak USA Inc. Benefits Program, it does not provide detailed descriptions. If you have questions about specific plan details, contact the plan administrator or Human Resources. We have made every attempt to ensure the accuracy of this information. However, if there is any discrepancy between this brochure and the insurance contracts or other legal documents, the legal documents govern."
(Pl.Ex. 1 at 24.)
Plaintiff has filed this ERISA action for wrongful denial of the supplemental life insurance benefits. She seeks benefits in the amount of $90,000.00, attorneys' fees, interest, and any other relief the Court deems just and proper.[2] Plaintiff contends that the Overview document is a Summary *1051 Plan Description (SPD) which fails to contain any language giving the Plan Administrator discretionary authority regarding claims decisions. She further contends that pursuant to a "good health" provision in the Overview document, she is entitled to the benefits that the Plan Administrator has denied. Finally, she contends that the Overview, as a SPD, overrides the Plan, and that the Court must review the Plan Administrator's decision de novo". Defendant contends that under the terms of the Plan, the Plan Administrator's decision was proper since coverage never became effective because the decedent spouse had never been discharged and engaged in the normal activities of a person the same age for at least fifteen (15) consecutive days. Defendant contends that the Plan's Deferred Effective Date provision prevails to preclude benefits in the amount of $90,000.00 being awarded.
The primary issues in this case are legal issues, not fact issues. In its prior order,[3] the Court clearly determined that the abuse-of-discretion review standard would apply in this case unless:
1) the Overview documents plaintiff received when she enrolled for supplemental benefits pursuant to spousal coverage constitute a Summary Plan Description (SPD) within the meaning of ERISA, § 1022(a) and (b), and the regulations promulgated thereunder; and
2) if the Overview does constitute a SPD, does it conflict with the language of the Plan so as to require this Court to review the Plan Administrator's decision under a "de novo" standard.
Having allowed the plaintiff to submit these additional discovery documents as additions to the administrative record as to the issue of the applicable standard of review in connection with the pending summary judgment motion, the Court now determines that the pending summary judgment motion (as it relates to the Plan Administrator's denial decision) shall be reviewed pursuant to the abuse-of-discretion standard.
Plaintiffs argument is contingent upon whether the Overview is in fact a SPD under 29 U.S.C. § 1022. If it is, and it conflicts with the Plan, the SPD prevails. See, Marolt v. Alliant Techsystems, Inc., 146 F.3d 617, 621 (8th Cir.1998)("when a summary plan description provisions conflict with the formal plan provisions, the summary plan provisions prevail as a matter of law."); Jensen v. SIPCO, Inc., 38 F.3d 945, 952 (8th Cir.1994)("a SPD provision prevails if it conflicts with a provision of a plan."). However, if the SPD is silent on a particular matter and the plan document is specific, the plan document prevails. Koons v. Aventis Pharm., Inc., 367 F.3d 768, 775 (8th Cir.2004)(no conflict exists between a SPD and a Plan document when the SPD is silent); Jensen, at 952-53.
ERISA requires that authorized plans be governed by written plan documents which meet its disclosure requirements. One of these mandated documents is the SPD which is to be distributed to plan participants and meant to inform participants of the plan's terms and benefits. The SPD serves as "a plain language summary of the plan's terms and benefits that must be distributed to participants." Palmisano v. Allina Health Systems, 190 F.3d 881, 888 (8th Cir.1999) citng 29 U.S.C. § 1022(a); 29 C.F.R. § 2520.102-2; see also, Glick v. Cooperative Benefit Administrators, Inc., 2001 WL 34152084 (N.D.Iowa, March 6, 2001); aff'd 36 Fed. Appx. 224, 2002 WL 1194786 (8th Cir.2002)(unpublished)[4]. As a very important *1052 part of ERISA's reporting and disclosure requirements, ERISA and certain applicable Department of Labor regulations set forth in great detail the information an SPD must contain and how it must be written. Palmisano, at 888; Jensen, at 952. SPDs must be "sufficiently accurate and comprehensive to reasonably appraise [] participants and beneficiaries of their rights and obligations under the plan". Palmisano, at 888; see also, Glick, supra. "If a document is to be afforded the legal effects of an SPD, such as conferring benefits when it is at variance with the plan itself, that document should be sufficient to constitute an SPD for filing and qualification purposes." Palmisano, at 888 quoting Hicks v. Fleming Cos., Inc., 961 F.2d 537, 542 (5th Cir.1992).
Under ERISA, a SPD must contain the following specific information, including:
1) the name and type of the plan;
2) the name and address of the agent for service of process;
3) the name and address of the plan administrator;
4) the plan's eligibility requirements;
5) circumstances which may result in denial or loss of benefits;
6) the source of the plan's financing;
7) the plan year; and
8) claim procedures and remedies available for redress of denied claims.
Palmisano, at 888 citing 29 U.S.C. § 1022(a), (b); see also, Paulson, at 932. The Department of Labor regulations further require, inter alia, disclosure of the plan sponsor's IRS employer identification number, the type of plan administration, a statement that service of process may be made upon the plan administrator, and a multi-paragraph description of a participant's rights under ERISA. 29 C.F.R. § 2520.102.3; see also, Paulson, at 932-33.
Plaintiff concedes that the Overview documents) do not contain all the information required under ERISA and the regulations promulgated thereunder. Although the Overview documents do not contain the name and address of the agent for service of process, the employer's ElN[5], the type of plan administration, the source of the plan's financing, the plan year, the claims procedures and remedies available for redress of denied claims, or the required statements regarding service of process and ERISA rights, plaintiff still contends that the Overview document(s) still qualify as a SPD. She contends that it contains: 1) the name and plan type in the heading "Supplemental Life Insurance" in the section dealing with employee life, AD & D and spousal life insurance; 2) reference to Hartford Life as the plan administrator and entity to contact; 3) the plan's eligibility requirements under the "Actions Required" section; and 4) the circumstances which may result in the loss or denial of benefits. She opines that by providing this information the Overview document(s) "substantially" meets the SPD requirements as set forth under ERISA and the applicable federal regulations.
Contrary to the plaintiffs assertions, the information referenced by the plaintiff does, not exist in the Overview document(s) or at least, not in the form identified by the plaintiff. The Court has carefully reviewed the Overview documents) [6] and finds no mention of the formal *1053 plan name, especially in the section regarding supplemental life insurance. The formal plan name is not identified in the Overview but instead in the Plan[7] in the ERISA notice: Group Life and Supplemental Life Plan for employees of UNIVAR USA INC. Block Affidavit, Exhibit A, pg. 27. Furthermore, the Court is unable to locate any reference to Hartford Life as the Plan Administrator in the Overview document(s). However, the Plan clearly sets forth defendant as the Plan Administrator. Bloch Affidavit, Exhibit A, pg. 27.[8] Furthermore, under the subsection "Actions Required" within the section entitled Survivor Protection Options, plaintiff believes the following language qualifies as the "plan's eligibility requirements":
â Decide how much, if any, supplemental life and AD & D insurance you want to buy.
â Return your enrollment form by the deadline.
â Complete a beneficiary form and return with your enrollment form by the deadline.
Bloch Affidavit, Exhibit C, pg. 8. This particular subsection does not set forth the Plan's eligibility requirements. It simply provides limited information as to the procedure for electing one or more of the survivor protection options offered by the Plan.[9] Finally, without any reference to particular sections or pages within the Overview document(s) plaintiff generally states that circumstances are noted under which benefits may be lost or denied. Once again, after careful review of the Overview document(s), the Court is unable to locate any information which specifically relates to circumstances under which benefits may be lost or denied.
The Overview documents are woefully insufficient to constitute a SPD. It does not contain the detailed information required under ERISA and/or the applicable federal regulations. See, Palmisano, at 888 (citations omitted). It is nothing more than what it purports to be: an overview of a new benefits plan for the former Ellis & Everard employees and explanation of the transition process. Its sole purpose was to "enable you to move into your new benefits program as quickly and efficiently as possible, with minimal disruption to you and your family." Bloch Affidavit, Exhibit C, pg.l. In fact, defendant did not intend for the Overview to be a SPD and never treated the Overview document(s) as a SPD since it had prepared a separate document containing the information required by ERISA as the SPD for the Plan.[10] Bloch Affidavit and Exhibit B (attached to affidavit). There is no dispute that Exhibit B qualifies as a SPD for the Plan.
The Overview document(s) do not qualify as a SPD for the subject Plan. As it is not an SPD, the Plan's provisions prevail, including the provision bestowing discretionary authority upon Hartford Life Ins. Co., the insurer and Claims Administrator, to interpret the Plan and determine entitlement to benefits under the subject Plan.[11]
Furthermore, assuming arguendo, that the Overview document(s) can be considered *1054 a SPD, plaintiffs assertion that the proper standard of review is de novo would still be incorrect. As stated before, where a SPD conflicts with a plan provision, the SPD usually prevails; Marolt, supra.; Jensen, supra. However, where the SPD is silent on a matter which the plan specifically addresses, the plan prevails. Koons, supra.
Here, plaintiff contends that the Overview document(s) prevail (presumably as a SPD) because 1) the Overview documents) do not contain any express discretion-granting language which would entitle the defendant to an "abuse-of-discretion" standard of review; and 2) the Overview document(s) do not contain the language or provision under which the Claims Administrator relied upon to deny her claim for benefits. Both of these contentions are meritless.
Firstly, the fact that the Overview documents) do not contain "discretion-granting" language is immaterial. The Overview document(s) do not address at all what, if any, authority is granted to Hartford Life in determining eligibility for benefits and to construe and interpret all terms and conditions of the Plan. The Plan, however, specifically states that Hartford Life has "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." Bloch Affidavit, Exhibit A, pg. 13. Thus, the Plan provision prevails. See, Koons, supra.
Secondly, the fact that the Overview document(s) did not contain the provision relied upon by Hartford in denying plaintiffs claim is immaterial. The denial of plaintiffs claim of benefits was based upon the Plan's Deferred Effective Date provision as contained on page 6 of the Plan. Bloch Affidavit, Exhibit A, pg. 6. Plaintiff asserts that this provision conflicts with the "Good Health" provision as set forth in the Overview document(s).[12] She believes that since under the Overview document(s) she was not required to provide evidence of the "good health" of her spouse at the time of his enrollment, she cannot now be denied benefits. She contends that the "Good Health" provision in the Overview document(s) conflicts with the Plan's Deferred Effective Date provision; therefore, the Overview document(s) should prevail. The flaw in this argument is that each of these provisions relates to a different matter.
The "Good Health" provision is a simple three (3) sentence provision informing the participant of the one significant difference in deciding if and when to buy coverage for a spouse: if the employee elects coverage now, no evidence of good health is required for amounts under $100,000.00; however, if the employee elects coverage at a later point in time (or elect coverage in excess of $100,000.00), evidence of good health must be provided. This is an enrollment provision. It is not a "vesting of benefits" provision. The Overview document(s) are primarily an enrollment guide and that is why the Deferred Effective Date provision is not included. No action by the employee during the enrollment process affects the applicability of the Deferred Effective Date provision. A provision deferring the effective date of coverage for a hospitalized spouse until discharge is not the equivalent of a proof of good health requirement. Since the Overview document(s) do not address the "vesting" of coverage for a hospitalized spouse, and *1055 the Plan does so specifically, the Plan prevails. See, Koons, supra.
Having found that the Overview document(s) do not qualify as a SPD, the Court will apply the abuse-of-discretion standard of review to the denial of benefits by the administrator. The Supreme Court has determined, "[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan give the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); see also, McGee v. Reliance Standard Life Ins. Co., 360 F.3d 921, 924 (8th Cir.2004); Ferrari v. Teachers Ins. and Annuity Assn., 278 F.3d 801, 806 (8th Cir.2002); Paulson, at 936 quoting Firestone, supra. Under this standard, a court will uphold the plan administrator's decision to deny benefits unless it was "without reason, unsupported by substantial evidence or erroneous as a matter of law." Marolt, at 619; see also, McGee, at 924; Coker v. Metropolitan Life Ins. Co., 281 F.3d 793, 797 (8th Cir.2002); Ferrari, at 807; Delta Family-Care, at 841; Farley v. Arkansas Blue Cross and Blue Shield 147 F.3d 774, 777 (8th Cir.1998); Cash v. Wal-Mart Group Health Plan, 107 F.3d 637, 641. A plan administrator's decision is considered to be "reasonable" if it is supported by substantial evidence "which is more than a scintilla, but less than a preponderance." Ferrari, at 807 quoting Woo v. Deluxe Corp., 144 F.3d 1157, 1162 (8th Cir.1998); see also, McGee, at 924; Coker, at 797; Delta Family-Care, at 841; Farley, at 777; Cash, at 641; Lawyer v. Hartford Life and Accident Ins. Co., 100 F.Supp.2d. 1001, 1011 (W.D.Mo.2000) quoting Woo, supra. "Substantial evidence `means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'". McGee, at 924 quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938); Delta Family-Care, at 841 quoting Consolidated Edison, supra. A court must affirm a plan administrator's decision to deny benefits if a "reasonable person could have reached a similar decision, given the evidence before him, not that a reasonable person would have reached that decision." Ferrari at 807 quoting Cash, at 641. Even if a different, reasonable decision could have been made, the claims/plan administrator's decision must be affirmed. McGee, at 924; Cash, at 641.
Reviewing the administrative record before the claims administrator, as well as the additional discovery materials submitted by plaintiff, the Court determines that the administrator's decision was not arbitrary or capricious in that it was reasonable and sufficiently supported by evidence in the administrative record. It is undisputed that plaintiffs spouse, at the time of his enrollment, was hospitalized and in fact, never was discharged from the hospital (having regrettably died while hospitalized). Consequently, he never resumed the normal activities of a healthy person his age for a period of at least fifteen (15) consecutive days. Plaintiff has offered no evidence which raises a material issue of fact regarding the applicability of the Deferred Effective Date provision.
Plaintiffs only other argument is that even if the Deferred Effective Date is applicable, she should still be entitled to benefits because 1) she was not provided a SPD or the Plan documents until after she elected spousal coverage; and 2) her supervisor encouraged her to sign up for said benefits knowing that plaintiffs husband was hospitalized with terminal cancer. Once again, neither of these arguments entitles plaintiff to the benefits she seeks.
*1056 Firstly, even assuming that defendant failed to timely provide plaintiff with a proper SPD and/or copy of the Plan, such a disclosure violation under ERISA "does not entitle a participant or beneficiary to benefits to which he is not entitled under the plan." Palmisano, at 888-89 citing Hozier v. Midwest Fasteners, 908 F.2d 1155, 1170 (3rd Cir.1990); Glick, supra.[13] Secondly, assuming that her supervisor did give her erroneous encouragement to elect coverage for her spouse, such oral communications cannot alter or modify the written terms of a plan. A majority of courts have held that ERISA precludes oral or informal amendments to a plan, by estoppel or otherwise. See, Houghton v. SIPCO, 38 F.3d 953, 958 (8th Cir.1994) (citations omitted); Jensen v. SIPCO, at 953 (citations omitted).
In conclusion, the Overview document(s) do not qualify as a SPD under ERISA. Even if they did, no conflict exists and the Plan provisions would prevail. The fact that plaintiff may not have received her copies of the Plan and SPD prior to electing supplemental spousal coverage does not entitle her to benefits she otherwise cannot receive under the terms of the Plan. The fact that her supervisor may have encouraged her to elect supplemental spousal coverage also does not entitle her to benefits she otherwise cannot receive under the terms of the Plan. Plaintiff has offered no evidence giving rise to any material issue of fact regarding the applicability of the Deferred Effective Date provision of the Plan to preclude her receipt of life insurance benefits for her late husband. Plaintiff has provided insufficient evidence that the administrative record was not fully considered and that the administrator's decision was arbitrary and capricious. The Court finds that the administrator did not abuse his/her discretion in denying the benefits sought. Defendant's motion for summary judgment will be granted.
NOTES
[1] The Plan defines "We" as "The Hartford Life and Accident Insurance Company." (Def. Ex. A at 15.)
[2] Plaintiff voluntarily dismissed, without prejudice, Count II of her complaint seeking relief for breach of fiduciary duty. See, Plaintiff's Motion to Dismiss Count II(# 7), filed May 22, 2003 and Court Order # 8, filed May 28, 2003 granting same.
[3] Court Order # 28, filed June 30, 2004.
[4] Although it is not the Court's customary practice to cite to unpublished opinions, it does so only in those instances wherein the unpublished opinion(s) addresses a significant issue before the Court and contributes to the Court's decision in a meaningful way.
[5] Employer Identification Number (for tax purposes).
[6] Affidavit of Melanie Bloch (attached to defendant's summary judgment' motion)â Exhibit C.
[7] Affidavit of Melanie Block, Exhibit A.
[8] Hartford Life is the Claims Administrator for the defendant's Group Benefit Plan.
[9] All the subsections entitled "Actions Required" are similar in nature in that they set forth the procedure by which the employee may elect a certain option.
[10] There is no contention that any provision in the SPD (Exhibit B) conflicts with any provision within the Plan.
[11] Bloch Affidavit, Exhibit A, pg. 13.
[12] Bloch Affidavit, Exhibit C, pg. 8. Also, reference to the "Good Health" requirement is contained in the Plan on pages 3-4.
[13] Plaintiff has not asserted a separate claim for a disclosure violation. See, 29 U.S.C. § 1132(a)(1)(A), (c).