# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2775

———————

Craig Karr,

        Appellant,

v.

Metropolitan Life Insurance Company,

        Appellee.

\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.

\*  [UNPUBLISHED]

———————

Submitted: June 17, 2005
Filed: June 24, 2005

———————

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

———————

PER CURIAM.

Craig Karr appeals the district court's[1] order upholding the denial of long-term disability (LTD) benefits under an Employment Retirement Income Security Act (ERISA) plan. Having conducted de novo review, see Norris v. Citibank, N.A. Disability Plan, 308 F.3d 880, 884 (8th Cir. 2002), we affirm the district court's decision.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Given the lack of objective medical evidence showing disabling heart or kidney disease, and the relatively mild exertional requirements of Karr's job, we conclude that Metropolitan Life Insurance Company's decision to deny LTD benefits is supported by substantial evidence. See id. at 883-84 (under abuse-of-discretion standard, proper inquiry is whether administrator's decision was reasonable, i.e., supported by substantial evidence, which means relevant evidence that reasonable mind might accept as sufficient to support conclusion); Coker v. Metropolitan Life Ins. Co., 281 F.3d 793, 797 (8th Cir. 2002) (if plan administrator's discretionary decision is supported by reasonable explanation, it should not be disturbed even if another reasonable but differing interpretation of evidence could be made).

We agree with appellees that Dr. Daniel Mazour's October 2001 opinion as to Karr's ability to work is not entitled to deference. See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 825 (2003) (ERISA plan administrators are not required to credit treating physician's opinions over other evidence relevant to claimant's medical condition). Contrary to Karr's assertion, we find Dr. Mazour's opinion inconsistent with his treatment records and the objective medical tests. For example, Karr only occasionally reported problems with leg pain and feet and ankle swelling; Dr. Mazour found the results of blood tests indicative of stable kidney function, he only occasionally assessed edema, and he noted Karr did well in cardiac rehabilitation; and in connection with an office visit during the same month as the opinion at issue, he noted that Karr only occasionally had leg pain and swelling and had no significant chest pain. See McGee v. Reliance Standard Life Ins. Co., 360 F.3d 921, 924-25 (8th Cir. 2004) (it is not unreasonable to deny benefits based upon lack of objective medical evidence). Thus, we agree with the district court that this is not a case where the decision at issue is overwhelmed by contrary evidence, and that Karr is relying solely on subjective medical opinions. See Coker, 281 F.3d at 799. Karr's remaining arguments provide no basis for reversal.

Accordingly, we affirm.

_____