# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4126

_____

Sam Dean,                                          *
                                                   *
                    Appellant,                     *   Appeal from the United States
                                                   *   District Court for the
         v.                                        *   Eastern District of Arkansas.
                                                   *
Hartford Life and Accident Insurance              *   [UNPUBLISHED]
Company,                                           *
                                                   *
                    Appellee.                      *

_____

Submitted: October 21, 2005
Filed: October 28, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Sam Dean appeals the district court's[1] adverse judgment in his Employment Retirement Income Security Act (ERISA) action against Hartford Life & Accident Insurance Company (Hartford). Dean's long-term-disability (LTD) benefits were discontinued in October 2002 after Hartford determined he no longer qualified.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

This court reviews de novo the district court's application of the abuse-of-discretion standard.  See Norris v. Citibank, N.A. Disability Plan, 308 F.3d 880, 883-84 (8th Cir. 2002) (under abuse-of-discretion standard, proper inquiry is whether administrator's decision was reasonable, i.e., supported by substantial evidence); Cash v. Wal-Mart Group Health Plan, 107 F.3d 637, 641 (8th Cir. 1997) (review under deferential standard is limited to evidence before administrator).

We conclude that Hartford was not required to give controlling weight to Dr. Thomas Bailey's November 2001 opinion as to Dean's work-related abilities:  the opinion was generated almost a year before the determination at issue was made; and it was inconsistent with Dr. Bailey's subsequent discussions with a Hartford medical director, with an August 2002 functional capacity evaluation, with Dr. Bailey's treatment records, and with diagnostic test results.  See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 825, 834 (2003) (ERISA plan administrators are not required to credit treating physician's opinions over other evidence relevant to claimant's condition); McGee v. Reliance Standard Life Ins. Co., 360 F.3d 921, 924-25 (8th Cir. 2004) (it is not unreasonable to deny benefits based upon lack of objective medical evidence).

Dean's challenges to the employability analysis also fail.  As the district court pointed out, under the language of the LTD benefit plan at issue here, Dean could continue receiving benefits so long as he was prevented from doing "any" occupation or work for which he could become qualified by training, education, or experience, see Cash, 107 F.3d at 641 (in determining if interpretation of plan is reasonable, court should consider whether, inter alia, interpretation is contrary to clear language of plan); and in any event, Dean presented nothing supporting his assertion that the specified jobs were not available locally, and Dean's claim of right upper-extremity problems was not supported by objective medical evidence and was inconsistent with other evidence.

Dean has provided no other basis for reversal.  Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____