# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 07-2659/2674

_____

Dennis West,                                           *
                                                       *
       Appellant/Cross-Appellee,          *
                                                       *    Appeals from the United States
    v.                                           *    District Court for the Southern
                                                       *    District of Iowa.
Local 710, International Brotherhood                    *
of Teamsters Pension Plan, an                          *
employee benefit plan,                                 *
                                                       *
       Appellee/Cross-Appellant.          *

_____

Submitted: March 14, 2008
Filed:  June 16, 2008

_____

Before RILEY, GRUENDER, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

      Dennis West (West) filed this action claiming he was entitled to full pension benefits after Local 710 International Brotherhood of Teamsters Pension Plan (Local 710) determined West was not entitled to a full pension. Considering the parties' cross-motions for summary judgment, the district court granted summary judgment in favor of Local 710, but denied Local 710's request for attorney fees. Both parties appeal. We affirm in part and reverse in part.

## I.    BACKGROUND

West brings this lawsuit alleging he is entitled to a 28-year Special Regular Pension from Local 710, beginning at age 59, based upon 28 years of service, even though only 5 of those years of service were with Yellow Freight Company (Yellow Freight), the only employer which contributed to Local 710 on West's behalf.  West had worked for other trucking companies which participated in a separate plan, the Central States Southeast and Southwest Trustees Pension Plan (Central States) and had earned 22.875 years of service credits with Central States.  Local 710 agreed to credit West for the total years of service, but only to pay him a reciprocal pension, beginning at age 59, based upon the fraction representing the years of service while under the Local 710 plan (5 years), divided by his total years of work as a truck driver (28 years), or 5/28, based upon a reciprocal agreement between Local 710 and Central States ($553.66 monthly).  West seeks a full 28-year Special Regular Pension, or 28/28, from Local 710, beginning at age 59 ($3,100 monthly).[1]

Local 710 is a multi-employer employee benefit trust fund maintained under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (ERISA).  Local 710's plan language gives the Trustees complete discretion to evaluate claims under the plan and to interpret the pension plan's language.

West appeals the district court's decision granting Local 710's motion for summary judgment.  Local 710 cross appeals the district court's decision denying Local 710 an award of attorney fees.

---

[1]Without the reciprocal agreement, West could have received a pension from Local 710 based upon his 5 years of service, but would not have been entitled to begin receiving pension benefit payments until he was age 65.  West is currently receiving $1,148.84 monthly from Central States, which West concedes would be a credit against the $3,100 monthly sought from Local 710.

## II. DISCUSSION

### A. Summary Judgment

"We review the grant of summary judgment <u>de novo</u>, using the same standard as the district court, and we view the evidence in the light most favorable to the nonmoving party." <u>Admin. Comm. of the Wal-Mart Stores, Inc. v. Gamboa</u>, 479 F.3d 538, 541 (8th Cir. 2007) (citation omitted). "Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." <u>Clark v. Kellogg Co.</u>, 205 F.3d 1079, 1082 (8th Cir. 2000) (citation omitted); <u>see</u> Fed. R. Civ. P. 56(c). Here, the main factual issue is what pension payment does Local 710 owe West.

"We look to the law of trusts when interpreting ERISA plan documents." <u>Gamboa</u>, 479 F.3d at 542 (citation and internal quotation marks omitted). We begin with the pension plan's plain language. If the pension plan "contains uncertain terms, this court will not disturb the plan administrator's interpretation of the plan, as long as it is reasonable." <u>Id.</u> (citation omitted).

> Our reasonableness review of a plan administrator's interpretation is informed by the <u>Finley</u> factors, <u>see</u> <u>Finley v. Special Agents Mut. Benefit Ass'n</u>, 957 F.2d 617, 621 (8th Cir. 1992), which guide us to consider whether the interpretation contradicts the plan's clear language, whether the interpretation renders any plan language internally inconsistent or meaningless, whether the administrator has interpreted the words at issue consistently, whether the interpretation is consistent with the plan's goals, and whether the interpretation conflicts with any substantive or procedural requirements of ERISA.

<u>Gamboa</u>, 479 F.3d at 542 (citation omitted).

The Local 710 pension plan gives the Trustees complete discretion to evaluate claims under the plan and to interpret the pension plan's language. "Accordingly, we

are limited to reviewing the [Trustee's] interpretation of the [p]lan for an abuse of discretion."[2] Id. at 541 (citation omitted). A decision is reasonable if it is supported by substantial evidence. See McGee v. Reliance Std. Life Ins. Co., 360 F.3d 921, 924 (8th Cir. 2004). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citation and internal quotation marks omitted). Under this standard, the plan administrator's decision must be upheld "if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." Gamboa, 479 F.3d at 542 (citation and internal quotation marks omitted).

At issue is whether the Trustees properly calculated West's past and future pension credits under the pension plan's terms in order to calculate West's Local 710 pension. West asserts he is entitled to a Local 710 pension based upon 28 years of service. The parties agree West's work with Yellow Freight resulted in 5.25 years of credited service with Local 710. In dispute is whether West can claim years of service credits for his non-Yellow Freight employment, thereby entitling him to a 28-year Special Regular Pension.

To be eligible for a Special Regular Pension, West needed 25 or more years of future pension credits. Local 710 Pension Plan § 3.061(c). A plan participant earns future pension credits "on the basis of his weeks of work in Covered Employment for which Employer Contributions were paid. . . ." Local 710 Pension Plan § 4.04(a). Local 710 defines "Covered Employment" after the effective date as "employment by an Employer making contributions on behalf of the employee to the Trust Fund." Id. at § 1.12(b). An "Employer" is defined as a party who either has (1) "duly executed a Collective Bargaining Agreement [CBA] which requires contributions to the Trust

---

[2]The parties assert the proper standard of review is "arbitrary and capricious." "[R]eview for an 'abuse of discretion' or for being 'arbitrary and capricious' is a distinction without a difference," because the terms are generally interchangeable. Schatz v. Mutual of Omaha Ins. Co., 220 F.3d 944, 946 n.4 (8th Cir. 2000).

Fund"; or (2) "any Employer not a party to the [CBA] who satisfied the requirement for participation as established by the Trustees and agrees to be bound by the Trust Agreement." Id. at § 1.08. None of West's employers, other than Yellow Freight, qualify as an "Employer" under Local 710's terms because the other employers (1) never executed a CBA requiring a contribution to Local 710; and (2) did not satisfy the Trustee's participation requirement or agree to be bound by the trust agreement. Because West's employers, other than Yellow Freight, did not qualify as employers under Local 710's terms, West's employment by these employers did not qualify as "Covered Employment."

West argues another interpretation of the Local 710 Pension Plan. West explains he did not apply for a Reciprocal Pension and the Reciprocal Pension terms of Article 10 of the plan do not apply to Special Regular Pensions, concluding both sections 1.12(a), referring to prior service, and 1.12(b), referring to a participant's effective date, are components constituting Covered Employment. This interpretation may be a reasonable one, but this interpretation does not make Local 710's interpretation unreasonable or arbitrary.

Thus, Local 710's decision to deny West his 28-year Special Regular Pension was not an abuse of discretion. West's non-Yellow Freight employment does not qualify to earn future pension credits from Local 710, because West was not then engaged in Covered Employment. Having failed to meet the requirement of a minimum of 25 years of future pension credits, West is ineligible for the Special Regular Pension he sought from Local 710.[3]

---

[3]Our decision is based upon the Local 710 pension plan language, together with the undisputed facts. It is unnecessary for us to address West's claims that Local 710 submitted and relies on evidence involving extraneous matters.

**B.     Attorney Fees**

"The District Court has discretion to award attorneys' fees under ERISA." Sheehan v. Guardian Life Ins. Co., 372 F.3d 962, 968 (8th Cir. 2004) (citation omitted). "This Court will not overturn a District Court's decision regarding [an award of] attorneys' fees absent an abuse of discretion." Id. (citation omitted). There is no presumption in favor of awarding attorney fees to a prevailing ERISA party. See Martin v. Arkansas Blue Cross and Blue Shield, 299 F.3d 966, 972 (8th Cir. 2002) (en banc). When considering whether to award such fees, this court has set forth general guidelines for district courts to follow, including the five Westerhaus factors.[4]

Local 710 asserts the district court erred in denying attorney fees to Local 710. The district court, when ruling on the cross-motions for summary judgment, also ruled on the issue of attorney fees before Local 710 filed its motion requesting and documenting its attorney fees. Local 710 earlier had foreshadowed its intention to seek attorney fees, but did not file a motion, intending to do so after prevailing on the merits.

ERISA section 502(g)(1) provides "[i]n any action under this title . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either

---

[4]These factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees . . . could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th Cir. 1984) (per curiam) (citation omitted).

party." This statute provides no guidance as to a time frame or method under which to make a fee or cost request. The federal rules provide a claim "for attorneys' fees and related nontaxable expenses shall be made by motion . . . ." Fed. R. Civ. P. 54(d)(2)(A). This rule requires the motion be made "no later than 14 days after entry of judgment," Fed. R. Civ. P. 54(d)(2)(B), but notes "[t]he court may determine issues of liability for fees before receiving submissions bearing on issues of evaluation of services for which liability is imposed by the court." Fed. R. Civ. P. 54(d)(2)(C).

While it is clear the district court has discretion in determining whether or not to award attorney fees or costs, denying Local 710 the opportunity to present its motion is an abuse of discretion. Thus, we remand this case to the district court with directions that Local 710 be allowed to file its motion seeking attorney fees and to explain to the district court why Local 710 believes an award of attorney fees would be appropriate under the Westerhaus factors.

## III. CONCLUSION

For the foregoing reasons, we affirm in part, reverse in part and remand. We affirm the decision of the district court granting Local 710's motion for summary judgment. We reverse the district court's denial of attorney fees to Local 710, remanding to allow Local 710 an opportunity to file a motion seeking attorney fees, with supporting arguments and evidence.

---