# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3288

_____

Marianne Thiry

*Plaintiff - Appellant*

v.

United of Omaha Life Insurance Company; Meridian Behavioral Health, LLC
Long-term Disability Plan

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 18, 2018
Filed: January 9, 2019
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

This is a disability-benefits case in which the parties disagree about the underlying cause of Marianne Thiry's inability to work. The administrator of her insurance plan, United of Omaha, determined that "mental disorder[s]" caused her disability, which limited her eligibility for long-term-disability benefits to two

years under the terms of her plan. The district court[1] granted summary judgment to United, and we affirm.

The parties agree that Thiry is disabled and suffers from three conditions: fibromyalgia, depression, and anxiety. Only depression and anxiety are considered "mental disorder[s]" under the plan. Fibromyalgia, which causes chronic pain and fatigue, is not. Which condition, or combination of them, caused her disability will determine if she receives just 24 months of benefits, as United decided, or if she is eligible for longer.

United has "the discretion and the final authority to construe and interpret" the plan's terms and "to decide all questions of eligibility." Its decision will stand as long as it is supported by "such relevant evidence as a reasonable mind might accept as adequate." *McGee v. Reliance Standard Life Ins.*, 360 F.3d 921, 924 (8th Cir. 2004) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

We conclude that United's decision was reasonable. In making its decision, United relied largely on a report by Dr. Alfred Becker, who reviewed Thiry's file and concluded that, "from a rheumatology perspective," the objective evidence did not match the severity of the symptoms she described. The report highlighted the lack of "objective physical exam findings" and noted that having several tender or painful "trigger points alone would not constitute impairment."

United's letters to Thiry emphasized these points. As one stated, "there was no documentation of motor deficits, nor was there any atrophy to support a reduction in the use of the involved muscle groups." *See id.* at 925 ("It is not unreasonable for a plan administrator to deny benefits based upon a lack of objective evidence.").

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendation of the Honorable Katherine M. Menendez, United States Magistrate Judge for the District of Minnesota.

Thiry was not left in the dark about how she could establish a physical disability. The letters, along with the plan itself, informed her that United was looking for objective evidence, such as clinical records and charts, explaining why her fibromyalgia, in particular, limited her ability to work. *Cf. Pralutsky v. Metro. Life Ins.*, 435 F.3d 833, 839 (8th Cir. 2006) (concluding "it was reasonable on the facts presented here for [a plan administrator] to request clinical and objective evidence, and to deny the claim when [the claimant] failed to provide it"). To be sure, she submitted completed questionnaires from her doctors, but they only underscored her own assessment of her symptoms; they did not explain *the cause* of those symptoms. Her own statements, even though they described her pain and related symptoms and how they interfered with her work and home life, were not "clinical" and, in any event, United was not required to accept them over its own objective clinical evidence. *See id.* at 839–40.

Nor did United unreasonably ignore Thiry's extreme fatigue and "cognitive fog," which she characterizes as "independently disabling." She insists that these symptoms are caused by her fibromyalgia, not by any "[m]ental [d]isorder." In fact, she suggests that all of her psychological symptoms are caused by her fibromyalgia. Even if this is a reasonable interpretation of the evidence, it is not the only one. *See McGee*, 360 F.3d at 924. After all, there is no indication that Thiry's doctors or the experts who reviewed her file agreed with her assessment of how her conditions relate to one another. On this record, United reasonably concluded that Thiry's depression and anxiety, rather than her fibromyalgia, caused her disability.

We accordingly affirm the judgment of the district court.

_____