# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 04-1916

───────────

| | | |
|---|---|---|
| Carol Hunt, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Metropolitan Life Insurance Company; | * | |
| International Business Machines | * | |
| Corporation, | * | |
| | * | |
| Appellees. | * | |

───────────

Submitted: February 10, 2005
Filed: October 4, 2005

───────────

Before BYE, RILEY, and COLLOTON, Circuit Judges.

───────────

PER CURIAM.

Carol Hunt worked as a buyer for International Business Machines Corporation (IBM) from January 1993 until March 2001, when she went on approved leave because of problems with concentration, fatigue, and sleep arising from her restless-legs syndrome (RLS).[1] After she was denied long-term disability (LTD) benefits by

───────────

[1]RLS is a neurologic movement disorder often associated with a sleep complaint. Patients may suffer almost irresistible urges to move their legs, "usually due to disagreeable leg sensations that are worse during inactivity and often interfere

IBM's plan administrator, Metropolitan Life Insurance Company (MetLife), Hunt brought suit under the Employment Retirement Income Security Act (ERISA). The district court[2] granted summary judgment to the defendants, and Hunt appeals.

IBM's Plan (Plan) gives MetLife discretionary authority in processing claims, and provides for LTD benefits for "totally disabled" participants, defined as follows:

> [T]otally disabled means that during the first 12 months after you complete the waiting period, you cannot perform the important duties of your regular occupation with IBM because of a sickness or injury. After expiration of that 12 month period, totally disabled means that, because of a sickness or injury, you cannot perform the important duties of your occupation or of any other gainful occupation for which you are reasonably fit by your education, training or experience. You must be under the appropriate care and treatment of a doctor on a continuing basis. At your own expense, proof of disability, satisfactory to Metropolitan, must be submitted to Metropolitan.

(App. at 15). Because the plan gives MetLife discretion to determine eligibility, we review the administrator's decision for abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989); *King v. Hartford Life & Accident Ins. Co.*, 414 F.3d 994, 998-99 (8th Cir. 2005) (en banc). Under this standard of review, we consider whether the administrator adopted a "reasonable interpretation" of uncertain terms in the plan, and whether the administrator's decision was supported by substantial evidence, *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *King*, 414 F.3d at 999 (internal quotations omitted).

---

with sleep." *See Restless Legs Syndrome: Detection And Management in Primary Care*, National Institutes of Health, Pub. No. 00-3788 (March 2000).

[2]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Having carefully reviewed the record, we conclude that MetLife did not abuse its discretion in denying Hunt LTD benefits. Although we are mindful of Hunt's self-reported complaints of extreme tiredness, fatigue, mental confusion, loss of memory, anxiety attacks, and depression, and the opinion of Hunt's treating physician that RLS has rendered her totally disabled, MetLife was nevertheless entitled to rely on the opinions of two reviewing physicians who gave contrary opinions. The "treating physician rule" – that opinions of treating physicians must be accorded special weight – does not apply to disability benefit determinations under plans governed by ERISA. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825 (2003).

In this case, MetLife first sent Hunt's records to Dr. Joseph Jares, a neurologist, in March 2002. Dr. Jares opined that "Ms. Hunt is capable of working at least in a sedentary position." (App. at 161). He also suggested, however, that Ms. Hunt "have a sleep study and neuropsychological testing to objectively diagnos[e] her complaints." (App. at 162). Hunt then provided MetLife with a sleep study performed by her treating physician in April 2002, which revealed, according to the physician, "very little sleep and leg movements suggestive of restless leg syndrome but no periodic limb movement." (App. at 188-89). In May 2002, MetLife submitted Hunt's records to Dr. J. W. Rodgers, who is board-certified in internal and pulmonary medicine. Dr. Rodgers concluded there was "little doubt that this patient has restless leg syndrome." (App. at 193). He noted that the sleep study had been conducted, but that the neuropsychological testing recommended by Dr. Jares in March "still remains to be done." (*Id.*). Dr. Rodgers concluded that "[w]hat is in question is the effect of restless leg syndrome on this patient's neuropsychological profile and cognitive capabilities." He recommended that "until we have objective evidence of impairment in this functional realm, we cannot consider the patient to be impaired on the basis of evidence in our file." (*Id.*).

In view of the conflicting opinions offered by Hunt's treating physician and the reviewing physicians, MetLife's decision to deny Hunt's claim based on the opinions

of Dr. Jares and Dr. Rodgers was not an abuse of discretion. We have held that an administrator may deny benefits based on a lack of objective evidence of disability. *McGee v. Reliance Standard Life Ins. Co.*, 360 F.3d 921, 924-25 (8th Cir. 2004). In this case, Dr. Jares suggested that Hunt undergo neuropsychological testing as a means "to objectively document" her complaints, and the absence of objective evidence concerning Hunt's "neuropsychological profile and cognitive capabilities" was the basis for Dr. Rodgers's opinion that she was not disabled. We believe this is a conclusion that a reasonable mind might accept as adequate on this record. *See King*, 414 F.3d at 999.

The judgment of the district court is affirmed.

BYE, Circuit Judge, dissenting.

I respectfully dissent. I believe Hunt submitted sufficient evidence to establish that she is totally disabled and thus entitled to benefits under the Plan. MetLife does not dispute Hunt has RLS; Hunt's treating physician--a neurologist who specializes in sleep disorders--opined that Hunt is totally disabled and incapable of work; Hunt submitted below an April 2002 sleep study indicating RLS drastically impairs her ability to sleep; and the Social Security Administration (SSA) awarded Hunt benefits. See Norris v. Citibank, N.A. Disability Plan (501), 308 F.3d 880, 885 (8th Cir. 2002) (affirming reversal of termination of benefits where there was little, if any, record evidence from which reasonable person could find claimant not disabled); Riedl v. Gen. Am. Life Ins. Co., 248 F.3d 753, 759 n.4 (8th Cir. 2001) (although SSA determination is not binding, it is admissible evidence to support ERISA claim for benefits); cf. Lain v. UNUM Life Ins. Co. of Am., 279 F.3d 337, 346-47 (5th Cir. 2002) (plan administrator abused its discretion in denying benefits to lawyer who maintained she could not concentrate for long periods because of severe chest pains). Further, even assuming Hunt failed to submit objective evidence of the severity of her

RLS, a plan administrator may not deny benefits based solely on the absence of objective medical evidence.  See House v. The Paul Revere Life Ins. Co., 241 F.3d 1045, 1048 (8th Cir. 2001) (concluding plan administrator abused its discretion in denying benefits based solely on absence of any objective evidence that claimant was unable to perform occupations identified by plan administrator; administrator possessed "not even a scintilla of evidence" refuting treating physician's opinion that claimant, who had severe coronary artery disease, was totally disabled, and even if such opinion could be dismissed as subjective, nothing in plan supported administrator's demand for objective evidence).  This is especially true where, as here, the claimant's subjective complaints are not contradicted by or inconsistent with other record evidence.  See Coker v. Metro Life Ins. Co., 281 F.3d 793, 799 (8th Cir. 2002) (affirming denial of benefits where claimant's disability claim was unsupported by submitted objective medical evidence and plan administrator's decision was not overwhelmed by contrary evidence).  Thus, I would reverse the grant of summary judgment.

_____