# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1063

_____

Susan J. Johnson,                                  *
                                                   *
            Appellant,                             *
                                                   *   Appeal from the United States
    v.                                             *   District Court for the
                                                   *   District of Minnesota.
Metropolitan Life Insurance Company,               *
                                                   *
            Appellee.                              *

_____

Submitted:  November 18, 2005
    Filed:   February 15, 2006

_____

Before WOLLMAN, LAY, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

    Susan Johnson sued Metropolitan Life Insurance Co. (MetLife) for denying her claim for long-term disability benefits. The district court[1] granted MetLife's motion for summary judgment, and we affirm.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Johnson worked for Wells Fargo as an accounting clerk. Her job duties required five to six hours of fine finger dexterity per day, sitting for five to six hours per day, three to four hours of walking per day, occasionally lifting up to ten pounds, continual interpersonal relationships, occasional stressful situations, and clerical duties to reconcile internal bank accounts. Johnson asserts that her duties also included performing substantial computer work, opening approximately a hundred pieces of mail per day, handwriting information, and regularly lifting boxes in excess of twenty pounds.

In 1995, Johnson began suffering from pain and stiffness in her hands and feet. In October 2000, her treating physician, William D. Fox, M.D., diagnosed Johnson with rheumatoid arthritis. For this, Johnson received intermittent short-term disability benefits from October 30, 2000, through January 25, 2002, under her Employee Retirement Income Security Act (ERISA) benefit plan. Thereafter, Johnson continued to complain of pain and stiffness. Dr. Fox and another treating physician, Asim Khan, M.D., a rheumatologist, diagnosed Johnson with rheumatoid arthritis even though she had no active synovitis, a common symptom of rheumatoid arthritis. Dr. Fox stated that Johnson was unable to work any type of schedule and recommended long-term disability benefits. Dr. Khan stated that Johnson's points of tenderness were also consistent with fibromyalgia, but he further observed that there was no synovitis in Johnson's wrist joints and that she had good grip in her hands. Dr. Khan noted that he was concerned that Johnson might be complaining of pain because she wanted disability benefits. Dr. Fox did not share Dr. Khan's concern, and on March 8, 2003, he diagnosed Johnson as likely having fibromyalgia in addition to rheumatoid arthritis.

Johnson applied to MetLife, her plan administrator, for long-term disability benefits. On March 21, 2002, MetLife sent Johnson's file to Jefrey D. Lieberman,

M.D., board-certified in internal medicine and rheumatology, for an independent review. Dr. Lieberman concluded that Johnson should be able to perform her job functions because she had no active synovitis or joint abnormality or erosions to indicate debilitating rheumatoid arthritis. Further, he determined that Johnson's complaints of tender spots "all over her body," instead of in a defined region, were inconsistent with a diagnosis of fibromyalgia. Admin. R. at 161. On March 27, 2002, MetLife denied Johnson's claim for long-term disability benefits, stating that her file did not support a condition so significant or severe that it would preclude her from performing her job.

On March 25, 2002, Dr. Khan concluded that Johnson had rheumatoid arthritis and fibromyalgia. The following month, Dr. Fox reiterated that Johnson suffered from both rheumatoid arthritis and fibromyalgia, noting that he observed some synovitis in her wrist area. On May 8, Dr. Fox diagnosed Johnson as having rheumatoid arthritis, polyarthritis, and fibromyalgia. Dr. Fox listed Johnson's restrictions as an inability to walk for any distance or stand for more than half an hour at a time without significant pain. On June 25, Dr. Khan indicated that Johnson probably had fibromyalgia, myofascial pain syndrome, and polyarthralgias. He did not find any evidence of synovitis, however, and he noted that he would be reluctant to extend Johnson's disability benefits but would defer to Dr. Fox on the question of whether Johnson was actually disabled. On July 1, Johnson's bone scan came back normal. MetLife continued to deny Johnson long-term disability benefits.

On September 16, 2002, Tracey Schmidt, M.D., board-certified in internal medicine and rheumatology, reviewed Johnson's updated file at MetLife's request. Agreeing with Dr. Lieberman, Dr. Schmidt concluded that Johnson's file lacked objective evidence of a "physical functional capacity impairment" past January of 2002, when her short-term disability benefits were terminated. Admin. R. at 206. Based on this, MetLife sent its final denial letter to Johnson on September 17, 2002, stating that "[s]elf-reported, subjective complaints, without supporting objective

medical findings of documented functional impairment, are insufficient to provide proof of disability." Admin. R. at 209.

Johnson sued MetLife for denying her claim for long-term disability benefits. The district court granted MetLife's motion for summary judgment and dismissed Johnson's case with prejudice.

## II.

We review *de novo* the district court's grant of summary judgment. Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005). Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Aviation Charter, Inc., 416 F.3d at 868. We view the evidence and inferences that may reasonably be drawn from the evidence in the light most favorable to the nonmoving party. Aviation Charter, Inc., 416 F.3d at 868.

Johnson argues that MetLife erred in requiring objective medical evidence of her disability before it would grant her claim for long-term disability benefits. Johnson contends that this constituted a procedural irregularity, compelling the application of a standard of review less deferential than the ordinary abuse of discretion standard utilized in ERISA claims. See Woo v. Deluxe Corp., 144 F.3d 1157, 1160-61 (8th Cir. 1998). Johnson also argues that, even if the abuse of discretion standard of review applies, the lack of objective evidence was an arbitrary and capricious ground for denying her claim for benefits. Cf. Schatz v. Mut. of Omaha Ins. Co., 220 F.3d 944, 946 n.4 (8th Cir. 2000) (equating abuse of discretion review with arbitrary and capricious review). We disagree.

In determining whether a plan administrator committed a procedural irregularity, we examine whether the administrator labored under a conflict of interest,

whether the administrator acted dishonestly or from an improper motive, or whether the administrator's benefit decision "was made without reflection or judgment, such that it was 'the product of an arbitrary decision or the plan administrator's whim.'" Pralutsky v. Metro. Life Ins. Co., No. 04-2409, slip op. at 8, 2006 WL 130935 at *5 (8th Cir. Jan. 19, 2006) (quoting Buttram v. Cent. States, Southeast & Southwest Areas Health & Welfare Fund, 76 F.3d 896, 900 (8th Cir. 1996)). This is not a case where conflict of interest, dishonesty, or improper motive contributed to the administrator's decision. Nor is it a case where the plan administrator failed to inquire into the relevant circumstances at issue. This is instead a case similar to Pralutsky v. Metropolitan Life Insurance Co., in which the dispute concerns whether the administrator reasonably interpreted the plan to require objective medical evidence to prove the claimant's disability. Id. at 8-9, *5. Therefore, ordinary abuse of discretion review is appropriate here. See id.

The evidence a plan administrator may require to prove disability benefit claims depends on the terms of the plan and the circumstances of the case. See id. at 9-10, *5; House v. Paul Revere Life Ins. Co., 241 F.3d 1045, 1048 (8th Cir. 2001). Generally, "[i]t is not unreasonable for a plan administrator to deny benefits based upon a lack of objective evidence." McGee v. Reliance Standard Life Ins. Co., 360 F.3d 921, 925 (8th Cir. 2004); accord Hunt v. Metro. Life Ins. Co., 425 F.3d 489, 491 (8th Cir. 2005) (per curiam). Johnson's benefit plan requires that she "provide documented proof" of her disability, which includes, but is not limited to, the date, cause, and prognosis of her disability. Admin. R. at 034. This language resembles the terms of the plan at issue in Pralutsky, in which we held that it was reasonable for the administrator to interpret the plan to require objective evidence as part of the proof and documentation that a claimant was required to submit. Slip op. at 10, 2006 WL 130935 at *5. The terms of Johnson's plan may similarly be reasonably construed to require objective evidence of her disability to support her claim for long-term disability benefits. Cf. House, 241 F.3d at 1048 (determining that the terms of the

plan in question did not support the administrator's demand for objective medical evidence).

The circumstances of this case also indicate that Metlife was reasonable in requesting objective evidence of Johnson's disability. Johnson argues that a claimant cannot proffer objective evidence of fibromyalgia because it is an elusive disease. In Brosnahan v. Barnhart, however, we noted that trigger-point findings consistent with fibromyalgia constitute objective evidence of the disease. 336 F.3d 671, 678 (8th Cir. 2003); see also Hawkins v. First Union Corp. Long-Term Disability Plan, 326 F.3d 914, 919 (7th Cir. 2003) (explaining that fibromyalgia can be diagnosed "more or less objectively" by the tender-points test). Therefore, this is not the type of case contemplated in Pralutsky in which "objective evidence simply cannot be obtained, and it would be unreasonable for an administrator to demand the impossible." Slip op. at 9, 2006 WL 130935 at *5. Moreover, Johnson's file also lacks evidence that any alleged ailments precluded Johnson from performing her job. In Pralutsky, we determined that the plan administrator could require objective evidence of a disability, even when the claimant's alleged disability stemmed from fibromyalgia, so long as the administrator notified the claimant that her file lacked the required objective evidence. See id. at 10-12, 2006 WL 130935 at *6-*7. Here, when MetLife first denied Johnson's claim for long-term disability benefits, it informed her that the evidence in her file did not support a condition that was so significant or severe that it would preclude her from performing her job. Taking into account this notification, MetLife was reasonable in requiring some objective evidence of Johnson's disability.

Based upon the evidence in Johnson's file, MetLife was also reasonable in denying Johnson's claim for long-term disability benefits. When there is a conflict of opinion between a claimant's treating physicians and the plan administrator's reviewing physicians, the plan administrator has discretion to deny benefits unless the record does not support denial. Coker v. Metro. Life Ins. Co., 281 F.3d 793, 799 (8th Cir. 2002). Here, both of the independent physicians reviewing Johnson's file

concluded that she was not disabled so as to require long-term disability benefits. This case is analogous to Hunt v. Metropolitan Life Insurance Co., in which we affirmed the district court's grant of summary judgment and held that the plan administrator did not abuse its discretion in denying benefits. 425 F.3d at 490-91; see also Coker, 281 F.3d at 799 (holding that providing only subjective medical opinions, which were unsupported by objective medical evidence, did not suffice to prove a claim for benefits). In Hunt, the claimant complained of fatigue, mental confusion, loss of memory, anxiety attacks, and depression. 425 F.3d at 491. The claimant's treating physicians diagnosed her with Restless Legs Syndrome and stated that this rendered her totally disabled. Id. The plan administrator's reviewing physicians, however, disagreed and stated that "until we have objective evidence of impairment . . . we cannot consider the patient to be impaired on the basis of evidence in our file." Id. We held that the administrator was entitled to rely on the opinions of its two reviewing physicians and affirmed the district court's grant of summary judgment in the administrator's favor. Id. Here, Johnson's subjective, uncorroborated complaints of pain constituted the only evidence of her ailments. All of the objective medical evidence in the record, including a bone scan, a grip test, and a tender-points test, indicates that she did not suffer from rheumatoid arthritis or fibromyalgia to the extent that they rendered her disabled. As noted above, even one of Johnson's own treating physicians, Dr. Khan, suspected that Johnson was exaggerating her symptoms in an attempt to qualify for long-term disability benefits. Accordingly, substantial evidence supported MetLife's decision denying Johnson long-term disability benefits.

The judgment is affirmed.

_____