# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3683

_____

Clinton O. Beggs,                            *
                                             *
      Plaintiff - Appellant,         *
                                             *   Appeal from the United States
    v.                                 *   District Court for the
                                             *   Eastern District of Arkansas.
Bill Gilkey; Yell County, Arkansas,          *
                                             *        [UNPUBLISHED]
      Defendants - Appellees.        *

_____

Submitted: April 21, 2006
Filed: April 26, 2006

_____

Before LOKEN, Chief Judge, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Clinton O. Beggs, owner of Southwest Motors, an Arkansas wrecking/towing company, sued Yell County, Arkansas and its sheriff, Bill Gilkey under 42 U.S.C. § 1983. The district court[1] granted the defendants' motion for summary judgment and dismissed Beggs's remaining state-law claims. We affirm.

We review de novo the district court's grant of summary judgment. Johnson v. Metro. Life Ins. Co., 437 F.3d 809, 812 (8th Cir. 2006). Summary judgment is proper

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

when no issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

To sustain an action against Yell County, Beggs must show his "constitutional rights were violated by an action pursuant to official municipal policy"; to sustain an action against Sheriff Gilkey, he must show a constitutional violation occurring while the officer acted under color of state law. Hays v. Faulkner County, Ark., 388 F.3d 669, 674-75 (8th Cir. 2004) (citation and quotation marks omitted). If Beggs cannot prove a constitutional violation, his claims fail as a matter of law. See Laughlin v. Schriro, 430 F.3d 927, 928 (8th Cir. 2005) ("Summary judgment is proper 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

Under the Fourteenth Amendment, "No States shall . . . deprive any person of life, liberty, or property, without due process of law." Property interests, however, are created by "rules or understandings that stem from an independent source such as state law." Town of Castle Rock, Colo. v. Gonzales, 125 S. Ct. 2796, 2803 (2005); see also Forrester v. Bass, 397 F.3d 1047, 1054 (8th Cir. 2005) (noting property interests are created by sources independent of the constitution). To sustain his claim, Beggs must show he has "a legitimate claim of entitlement" in a property interest. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). Such a "legitimate claim of entitlement" can be derived from a state statute or city ordinance containing mandatory language limiting the government's discretion. Forrester, 397 F.3d at 1055 (citing Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 463 (1989)). Discretionary policies, however, do not  bestow upon individuals protected property interests. Id. at 1056.

Beggs claims he has a protected property interest in receiving work from Yell County because his name was added to its "Wrecker List." The "Wrecker List" is a

rotating list of three towing services scheduled to receive calls when stranded motorists request a wrecker from the county. According to Beggs, his service was overlooked in favor of the other two, better-established services in town, one of which is operated by Sheriff Gilkey's father.

We find the creation of the "Wrecker Log" did not confer upon Beggs a constitutional property right. Yell County has considerable discretion in assigning calls to wrecker services. It could have assigned all of its work to one wrecker service or created a county-owned service to handle its need. Additionally, it could have entered into a contractual relationship with one or more of the wrecking companies, thus limiting the county's discretion. See Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir. 1999) (noting property rights can be established when the rights can only be terminated "for cause"). Because Yell County has discretion to add and remove services from the list, see Town of Castle Rock, 125 S.Ct. at 2803 ("Our cases recognize that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion."), and because the log contains neither "particularized substantive standards [guiding] a decision maker" nor limited discretion and "mandatory language," no property right was conferred onto Beggs when he was added to the list. Dunham, 195 F.3d at 1009.

Without a constitutional property interest, Beggs's § 1983 claims fail, and the district court did not err in refusing to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3). Accordingly, we affirm the decision of the   district court.

_____