# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3858

_____

Carol L. Robinson,       *
                *
    Plaintiff - Appellant,   *
                *  Appeal from the United States
    v.            *  District Court for the District of
                *  South Dakota.
John E. Potter, Postmaster General,  *
                *
    Defendant - Appellee.  *

_____

Submitted: May 19, 2006
Filed: July 11, 2006

_____

Before BYE, HANSEN, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Carol Robinson sued John Potter, Postmaster General of the United States Postal Service (USPS) for violations of the Rehabilitation Act of 1973. 29 U.S.C. §§ 701 to 718. In her three-count complaint, Robinson claimed she was denied employment with the USPS because of a perceived handicap (Count 1) and did not receive two management-level positions in retaliation for filing a complaint with the Equal Employment Opportunity Commission (EEOC) (Counts 2 and 3). The district court[1] granted summary judgment in favor of the USPS on Counts 2 and 3. Count 1

_____

[1]The Honorable Chief Judge Lawrence L. Piersol, United States District Court for the District of South Dakota.

was tried, and a jury returned a defense verdict.  Robinson appeals the grant of partial summary judgment, two discovery rulings, and a ruling on a motion in limine. We affirm.

I

Robinson worked for the USPS between May 1983 and April 1988 as a Letter Sorting Machine (LSM) operator in Sioux Falls, South Dakota.  The now-obsolete position involved keying ZIP Codes.  In 1987, she developed tendinitis as a result of the repetitive keying motion, and a doctor placed restrictions on her work.  Safety director Dan Weber accommodated these restrictions.

Later in 1987, Robinson successfully sought a transfer to the letter carrier craft, allowing her to work day, rather than evening, hours.  In 1988 and 1989, she also successfully sought transfers to Hastings, Nebraska, and to Huntsville, Alabama, working as a clerk and an LSM operator, respectively.  She voluntarily resigned in September 1989.  Two years later, she moved back to South Dakota and sought reinstatement with the Sioux Falls branch of USPS as a clerk or carrier, but was not re-employed due to an active hiring freeze.  In December 1992, she read a newspaper article claiming openings were available and again requested reinstatement.  Carol Kreager in Human Resources (HR) alerted Robinson of the newspaper article being misleading as no positions were available.  Over the course of the next few months, Robinson submitted additional applications and spoke with Kreager concerning her employment status.  On all of these occasions, Kreager told Robinson the Sioux Falls branch was not hiring.

In February 1993, Robinson learned of a new employee class of transitional or temporary employee (TE) positions from a source outside of HR.  Those employed in TE positions performed various duties, including acting as clerks and LSM operators, but they were hired on a term basis and did not participate in employment

benefits. Robinson sent a letter to Kreager's supervisor, Joan Marshall, requesting reinstatement as either a full-time or transitional employee. Kreager responded on Marshall's behalf noting Robinson's application would be kept on file.

As opposed to full-time positions, TE spots were not subject to the hiring freeze, but by June 1993, the Sioux Falls branch began hiring new full-time employees. In considering new hires, the USPS prefers reinstatement requests and transferees over new applicants. Robinson claims she met with Kreager on June 8, 1993, to discuss reinstatement, and during the meeting, Kreager told Robinson the USPS would not hire her due to her "medical problem," i.e., carpal tunnel syndrome. Additionally, Robinson claims Kreager stated "because you are disabled, you will never work for the Post Office. We will never hire you at the Post Office." Kreager denied making these statements. After this conversation, Robinson went back to her doctor, who provided a report stating she never suffered from carpal tunnel syndrome. Robinson sent this report and another request for reinstatement to the Sioux Falls Postmaster, the local Clerk Union President, and to the Postmaster General. She was ultimately reinstated as a part-time flexible distribution clerk on August 21, 1993.

In May 1994, Robinson initiated a claim for discrimination based on a perceived handicap with the Equal Employment Opportunity Commission (EEOC). Her complaint lingered for several years due to a question as to whether it was timely filed, but in March 1997, she won the right to a hearing on the merits. At roughly the same time, she applied for an entry-level HR position. Although the USPS favored using a specific application format showcasing the applicant's problem-solving abilities, Robinson did not complete this exercise. When ranking the applications, a three-member hiring committee ranked her application last, and she did not receive an interview. There is no evidence these members had any knowledge of Robinson's pending EEOC complaint. The position became vacant a few months later, and she applied a second time, again not using the preferred format. This time an interview was granted, but ultimately she was not offered the position because of being

overqualified,[2] and she did not satisfactorily answer the questions asked during her interview,[3] nor did she apply utilizing the preferred format. Unlike the first hiring committee, one member of the panel, safety director Webb, knew of Robinson's pending EEOC complaint but claimed it did not influence his decision. A second member of the panel heard an applicant had a pending complaint but did not know who had filed it. The third member did not have any knowledge of the issue.

After being turned down for the promotion, Robinson filed two more EEOC complaints, claiming the non-promotion was in retaliation for filing the first complaint. The three complaints were ultimately joined, and an investigation ensued. The EEOC ruled in favor of the USPS on all three claims, and Robinson filed suit in federal court shortly thereafter. The USPS successfully moved for summary judgment on her claims of retaliation, and the parties tried the issue of disability discrimination to a jury. On appeal, she claims (1) the district court improperly granted summary judgment on the retaliation claims, (2) the district court erred in ruling on a motion to compel additional discovery, and (3) the district court erred in ruling on a motion in limine involving evidence of temporary employees.

---

[2]Robinson possesses a college degree and has experience in statistical analysis. These skills, however, were not required for the entry-level position involving filing, photocopying, data entry, and scheduling.

[3]The three panel members independently ranked the interviewee's answers. The successful candidate scored 645 points while Robinson scored 523. All three interviewers ranked Robinson as the poorest interviewee.

II

A

Robinson challenges the district court's grant of summary judgment to the USPS on her claims of retaliation. We review the issue de novo. Johnson v. Metro. Life Ins. Co., 437 F.3d 809, 812 (8th Cir. 2006). Summary judgment is proper when no issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We view the evidence in the light most favorable to Robinson, the non-moving party. Johnson, 437 F.3d at 813.

To make a prima facie case of retaliation, Robinson must show (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between (1) and (2). Box v. Principi, 442 F.3d 692, 696 (8th Cir. 2006). The parties do not dispute Robinson's filing of EEOC complaints constitutes a protected activity and USPS's failure to promote her constitutes an adverse employment action. See Wedow v. City of Kansas City, Mo., 442 F.3d 661, 675 (8th Cir. 2006) (noting failure to promote is an adverse employment action).

With respect to the first instance of non-promotion, Robinson cannot show causation because none of the members of the hiring committee knew about her pending EEOC complaint. See Wilson v. Northcutt, 441 F.3d 586, 592-93 (8th Cir. 2006) (noting the decision-makers must have awareness of the protected activity). Her assertions the committee must have known because some members of HR knew about the complaint are insufficient.

With respect to the second application, Robinson arguably established a causal link because two of the three members of the new hiring committee were aware of the pending complaint. Assuming she has met her prima facie case, she still cannot show the legitimate, non-discriminatory reasons offered by the USPS are pretext. See

Zhuang v. Datacard Corp., 414 F.3d 849, 857 (8th Cir. 2005) (applying the burden-shifting framework). The USPS claims it did not hire her for a variety of reasons. First, she did not utilize the USPS preferred application format, thus forgoing available points towards her applicant score. Second, all three interviewers independently ranked her application as the least suitable candidate of the three interviewees, and she cannot show impropriety in this hiring system. Finally, the USPS claims she was overqualified by virtue of possessing a college degree and having specialized knowledge in statistical research. These qualities were not necessary for an entry-level position involving secretarial and scheduling duties. Because she has not shown any of these reasons are pretextual, the district court did not err in denying summary judgment on her claims of retaliation.

B

Robinson also argues the district court improperly denied her motions to compel discovery and reopen limited discovery. We review such discovery rulings in a manner "both narrow and deferential," and reversal is only warranted if an erroneous ruling amounted to a "gross abuse of discretion." Sallis v. Univ. of Minn., 408 F.3d 470, 477 (8th Cir. 2005) (quoting Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 385, 360 (8th Cir. 2003)).

The district court refused to compel discovery because the parties did not appear to have made an effort to resolve the issue informally prior to asking the court's assistance, as is required under Federal Rule of Civil Procedure 37(a)(2)(A) and District of South Dakota Local Rule 37.1. Before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves. Fed. R. Civ. Pro. 37(a)(2)(A); see also Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186 (3d Cir. 2003) (noting the difference between "an attempt to confer" and a "good faith attempt to confer"). Because Robinson

cannot show the parties attempted to confer in good faith to resolve the discovery request, the district court did not abuse its discretion in denying the motion.

Additionally, the district court did not err in denying Robinson's prospective motion for additional discovery. Such a request was both unnecessary under Federal Rule of Civil Procedure 26(e)(2) and untimely. See Firefighter's Inst. for Racial Equal. v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000) (finding no abuse of discretion in denying an untimely discovery request). Further, the request appeared to be an attempt to circumvent an earlier order issued by the district court.

C

Finally, Robinson claims the district court improperly granted a motion in limine restricting the use of evidence regarding TE positions to testing Kreager's credibility. We review for an abuse of discretion. See United States v. Fleck, 413 F.3d 883, 890 (8th Cir. 2005) (noting applicable standard of review).

Although Robinson references TE positions in her complaint, she did not specifically allege a cause of action for failure to hire her as a TE. Her cause of action rests on a failure to "reinstate" her to her previous career position. Additionally, her EEOC complaint only references "reinstatement," as opposed to a more general "re-employment." Approximately three weeks before trial, she attempted to amend her complaint, adding a cause of action for failure to be hired as a TE, and sought to introduce an additional twenty-five witnesses and twenty documents to prove her case. The district court denied the motion to amend, and she did not appeal this ruling. Because the allegations made in the complaint do not state a cause of action relating to TE positions, the district court did not abuse its discretion in restricting the manner in which TE evidence could be used at trial.

Accordingly, we affirm.

_____