# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2797
_____

Dwayne Miller

*Plaintiff - Appellant*

v.

Michele Buckner, in individual and official capacity; Michelle Kasak, in individual and official capacity; Troy Wade, in individual and official capacity; Donald Barton, in individual and official capacity; Christopher S. North, in individual and official capacity; Grant Frost, in individual and official capacity; William E. Thesson, in individual and official capacity; Kendra Cantrell, in individual and official capacity; Melissa A. Satterfield, in individual and official capacity; Martha L. Bird, in individual and official capacity; Greg Dugger, in individual and official capacity; John Doe Bonner, in individual and official capacity; John Doe Holland, in individual and official capacity; Fredderick Wixom, in individual and official capacity; Jeremy Robertson, in individual and official capacity at the time of the averments in the complaint; Pat Poe, 1-40; in their individual and official capacities

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: May 17, 2024
Filed: May 22, 2024
[Unpublished]
_____

Before LOKEN, SHEPHERD, and KOBES, Circuit Judges.

_____

PER CURIAM.

Dwayne Miller appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. After a careful review, we conclude that, to the extent Miller challenges the denial of his motion to compel, the district court did not abuse its discretion in denying the motion. See Robinson v. Potter, 453 F.3d 990, 994-95 (8th Cir. 2006) (review of discovery rulings is narrow and deferential, and reversal is only warranted for a gross abuse of discretion). We also conclude that the district court did not err in granting judgment for the defendants. See Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (de novo review). Specifically, the presence of independent corroborating evidence of Miller's rule violation explains the prison officials' decision not to seek confirmatory testing of suspected drugs. See Ashcroft v. Iqbal, 556 U.S. 662, 682 (2009) (rejecting inference of discriminatory motive where obvious alternative explanation for defendants' actions existed). Accordingly, we affirm. See 8th Cir. R. 47B.

_____

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.